1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10
11
12
13
14
15
16
17

MARK WILLIAMS, as Personal
Representative of the Estate of Shane P.
Williams, and MARK WILLIAMS, a married
man as his separate property,

Plaintiff,

v.

KITSAP COUNTY, et. al,

Defendants.

Case No. C08-05430RBL

ORDER GRANTING LEAVE TO FILE
SECOND AMENDED COMPLAINT

18
19
20

THIS MATTER comes before the Court on Plaintiff Mark Williams's Motion for Leave to File

Second Amended Complaint [Dkt. # 50]. For the reasons stated below, the Court GRANTS this motion.

21

**Background**

22
23
24
25
26
27
28

On May 16, 2006, Kitsap County Sheriff's Deputies Ben Herrin and Paul Woodrum responded to a

911 call directing them to a residence. After a confrontation, they ultimately shot and killed a resident, Shane

Williams. This action followed. Plaintiff Mark Williams, the representative of the estate of Shane Williams,

filed his complaint in Pierce County Superior Court on May 13, 2008, suing Kitsap County, Deputy Herrin,

and Deputy Woodrum ("Defendants"). He amended his complaint on June 11, 2008. Defendants served their

answer to the amended complaint of July 7, 2008, and removed the case to this Court on July 9, 2008.

Plaintiff now seeks to file a second amended complaint to clarify facts upon which his claims rest, state the federal court's jurisdictional basis, correct typographical and scrivener's errors, and assert additional bases supporting his request for damages premised on pain and suffering as well as on disruption of his familial relationship with Shane Williams. [Dkt. # 50].

**Discussion**

Federal rule of Civil Procedure 15(a) permits a party to amend its pleading with leave of the court, which "shall be freely given when justice so requires." The strong policy of deciding cases on the merits counsels strongly in favor of granting leave. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Factors that counsel against leave to amend include undue prejudice to the opposing party, bad faith, undue delay, futility of amendment, and the repeated failure to cure deficiencies by amendments previously allowed. *Eminence Capital, LLC, v. Aspeon Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The factor of prejudice to the opposing party carries the greatest weight, and the party opposing amendment "bears the burden of showing prejudice." *Id.*

Here, the opposing party has not responded to the plaintiff's motion seeking leave to amend. Regardless, the defendants would not face prejudice because Plaintiff's second amended complaint seeks the same relief based on the same facts as the first amended complaint; it merely adds another cause of action under the Fourteenth Amendment, corrects minor errors, and asserts a jurisdictional basis for the suit. Therefore, the court GRANTS Plaintiff's Motion for Leave to File Second Amended Complaint.

Dated this 14th day of May, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE