HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK WILLIAMS, as Personal Representative of the Estate of Shane P. Williams, and MARK WILLIAMS, a married man as his separate property,<br><br>Plaintiff,<br><br>v.<br><br>KITSAP COUNTY, a municipal corporation; BEN HERRIN, husband and wife, and the marital community comprised thereof; and PAUL WOODRUM and JANE DOE WOODRUM, husband and wife, and marital community comprised thereof,<br><br>Defendants. | Case No. C08-05430-RBL<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR EXTENSION OF TIME TO COMPLETE DISCOVERY |

THIS MATTER comes before the above-entitled Court upon plaintiff Mark Williams Motion to Compel Production of Documents and for Extension of Time to Complete Discovery. [Dkt. #59] Having considered the entirety of the records and file herein, the Court finds and rules as follows:

**I. INTERNAL INVESTIGATIONS OF AND COMPLAINTS ABOUT DEFENDANTS DEPUTY HERRIN AND DEPUTY WOODRUM**

Plaintiff seeks production of records for internal investigations and complaints involving Deputy Herrin and/or Woodrum [Dkt. #59]. Defendants argue that plaintiff has failed to identify the discovery requests upon which his motion to compel is based, and explain how records of non-use of force incidents

ORDER
Page - 1

are relevant. [Dkt. # 62]

The Court agrees with the decision in *Soto v. City of Concord*, that a broader scope of discovery should be allowed when dealing with excessive force cases against police departments. 162 F.R.D. 603 (N.D. Cal. 1995). It is "sufficient that plaintiff show how information of the *kind* that is likely to be in the files could lead to admissible evidence," thus satisfying Fed. R. Civ. P. 26. *Id*. at 610 (citation omitted, emphasis in original). Internal investigations and complaints regarding the defendant deputies may reflect on their credibility, crime scene and evidence management, and other potentially relevant information. Plaintiff has also properly identified the discovery requests upon which his motion is based. [Dkt. #64] Plaintiff's motion to compel this information is **GRANTED**.

## II. HIRING INFORMATION

Plaintiff seeks production of the Deputies' psychiatric information, medical information and polygraph tests that were utilized as part of the hiring process. [Dkt. #59] Defendants argue that the information is personal and protected, and is not reasonably calculated to the recovery of admissible evidence. [ Dkt. #62]

Mental health evaluations and polygraph tests used for the hiring process could lead to admissible evidence and are discoverable. A patient's purpose in communicating with his therapist and his expectation of confidentiality may be a factors in determining whether a patient/psychotherapist privilege exists. *U.S. v. Romo*, 13 F.3d 1044, 1048 (9th Cir. 2005); Fed R. Evid. 504(b)(proposed). The plaintiff is not seeking communications used for treatment or diagnosis, and the defendant deputies knew that the evaluations would be reviewed by their superiors in the hiring process. The Court also finds that the results of the polygraph tests are discoverable. However, the physical health records do not seem relevant to the court at this time. Plaintiff's motion to compel pre-hire polygraph test results and psychological or mental evaluations is **GRANTED**. Plaintiff's motion to compel physical health records is **DENIED**.

## III. LETTER FROM DR. ROSENBAUM (p. 451)

The Letter from Edward Rosenbaum Ph.D., dated May 19, 2006 have been provided to plaintiff on June 1, 2009. [Dkt. # 62] Thus, the plaintiff's motion is **MOOT**. The court recognizes the defendant's

continued objection to this disclosure, and any issues to its admissibility are preserved.

**IV. COLOR COPIES OF PHOTOGRAPHS**

The color copies of photographs taken at the scene by KSCO Sgt. Clithero have been procured and provided to the plaintiff. [Dkt. #62] Thus, plaintiff's motion is **MOOT**.

**V. EXTENSION OF TIME TO COMPLETE DISCOVERY**

Plaintiff has moved for an extension of time to complete discovery. The Court **GRANTS** this motion. The Court orders the defendant to produce the above documents by July 13, 2009. The discovery deadline is extended to July 27, 2009.

**VI. ATTORNEY FEES**

Plaintiff seeks his attorney's fees related to the motion under Fed R. Civ. P. 37(a)(5). However, the defendants' objections were "substantially justified." Fed. R. Civ. P. 37(5)(A)(ii). Plaintiff's motion is **DENIED**.

IT IS SO ORDERED

Dated this 2nd day of July, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE